SHARTSIS FRIESE LLP
RICHARD F. MUNZINGER (Bar # 217902)
JOSEPH V. MAUCH (Bar # 253693)
One Maritime Plaza, 18th Fl.
San Francisco, California 94111
(415) 421-6500

MCANDREWS, HELD & MALLOY, LTD.
KIRK VANDER LEEST, Esq. (*Pro Hac Vice*)
JAMES P. MURPHY, Esq. (*Pro Hac Vice*)
RAJENDRA A. CHIPLUNKAR, Esq. (*Pro Hac Vice*)
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Attorneys for Plaintiff, Qurio
Holdings, Inc.

BAKER BOTTS L.L.P.
G. HOPKINS GUY (Bar #124811)
ALALI DAGOGO-JACK (Bar #302437)
One Page Mill Road
Building One, Suite 200
Palo Alto, California
Telephone:  (650) 739 7510

ALI DHANANI (*Pro Hac Vice*)
MICHAEL SHERBY (*Pro Hac Vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1108

Attorneys for Defendants,
DISH Network Corporation and
DISH Network L.L.C.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| QURIO HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION and DISH NETWORK L.L.C. <br><br> Defendants. | **Case No. 15-cv-00930-HSG** <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> **Date: June 4, 2015** <br> **Time: 2:00 pm** <br> **Place: Courtroom 15, 18th floor** <br> **Judge: Hon. Haywood S. Gilliam, Jr.** |

Case No. 3-15-cv-00930 HSG
JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

On May 4 and May 14, 2015, pursuant to Rule 26(f) and Local Rule 16-3, counsel for Defendants DISH NETWORK CORPORATION and DISH NETWORK L.L.C. (collectively "DISH"), met and conferred with counsel for Plaintiff QURIO HOLDINGS, INC. ("Qurio"). Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Qurio and DISH submit this Joint Case Management Statement.

**1.      Jurisdiction and Service**

This is a civil action arising under the Patent Laws of the United States, particularly 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over Qurio's claims and DISH's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

No issues presently exist regarding personal jurisdiction.

On February 24, 2015, this case was transferred to this Court from the Northern District of Illinois.  Plaintiff has filed a motion to transfer this case to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a) which is currently pending before this Court.

No parties currently remain to be served.

**2.      Facts**

On September 26, 2014, Qurio filed this action against DISH seeking injunctive relief and damages under 35 U.S.C. §§ 283, 284 and 285 for infringement of  United States Patent No. 8,102,863 entitled "High-Speed WAN To Wireless LAN Gateway" ("the '863 Patent"), and United States Patent No. 7,787,904 entitled "Personal Area Network Having Media Player And Mobile Device Controlling The Same" ("the '904 Patent").  On November 13, 2014, Qurio amended its complaint to add United States Patent No. 8,879,567 entitled "High-Speed WAN To Wireless LAN Gateway" ("the '567 Patent") (collectively "the patents-in-suit").  The accused products include the following:  DISH ViP DVRs, Hopper, Hopper with Sling, and DISH Anywhere Mobile App (hereinafter referred to as the "accused DISH products").

On December 4, 2014, DISH filed an Answer denying the allegation of Qurio's complaint and asserting defenses, including that the patents-in-suit are not infringed and are invalid.

**3.      Legal Issues**

The issues in dispute include at least the following:

1.      The construction of the asserted claims of the patents-in-suit;

2.      Whether DISH has infringed the asserted claims of the patents-in-suit;

3.      The amount of damages for DISH's alleged infringement;

4.      Whether Qurio is entitled to an injunction against DISH;

5.      Whether any amount of damages for DISH's alleged infringement should be trebled pursuant to 35 U.S.C. § 284;

6.      Whether damages, if any, are limited under 35 U.S.C. § 287;

7.      Whether this case is exceptional within the meaning of 35 U.S.C. § 285;

8.      Whether the asserted claims of the patents-in-suit are invalid;

9.      Whether DISH's defenses, including non-infringement, invalidity, prosecution history estoppel/disclaimer, laches/equitable estoppel, failure to mark, license/exhaustion, and/or failure to state a claim, defeat Qurio's claims or limit recoverable damages.

**4.      Motions**

There are two pending motions: 1) Qurio's motion pursuant to 28 U.S.C. § 1404(a) to transfer the instant case to the Eastern District of North Carolina (the "Transfer Motion"); and 2) Qurio's motion pursuant to Fed. R. Civ. P. 41(a) to dismiss without prejudice DISH Network Corporation (the "Rule 41 Motion"). Both motions are briefed and ready for disposition.   A hearing on the Transfer Motion and the Rule 41 Motion is calendared for June 4, 2015.

At this stage, the parties anticipate filing summary judgment motions.  Other motions may be filed as the case progresses.

**5.      Amendment of Pleadings**

The parties anticipate that DISH Network Corporation may be dropped as a result of Qurio's motion for voluntary dismissal.

Qurio Statement:   Based on statements made by DISH in its filings regarding the motions to dismiss,  and in its Annual Report for 2013, Qurio anticipates that it may be necessary to add DISH's related company, Echostar Corporation, to this case, if discovery shows that Echostar is a principal party that makes, uses, sells and/or imports any accused devices.  DISH states in its 2013 Annual Report that "We currently depend on EchoStar Corporation and its subsidiaries, or EchoStar, to design, develop and manufacture all of our new set-top boxes and certain related components . . .".   And, for instance, DISH submitted the following sworn statements in briefs submitted in conjunction with the motions to transfer:

> Sling Media, Inc. [which is owned by Echostar] products and technologies are incorporated into DISH Network products and services accused of infringement in this case, including the Hopper with Sling™ and DISH Anywhere™.  Dkt. No. 26-2 (Declaration of Ilya Asnis ("Asnis Decl."), at ¶ 6).
>
> EchoStar supplies the Accused Products to DISH Network L.L.C.  Dkt. No. 26-2 (Declaration of Chris Tirpak ("Tirpak Decl."), at ¶ 5).

Qurio believes that discovery will determine whether or not Echostar is a necessary party in this case.  At this time, Qurio is not seeking to add any parties to this case.

DISH Statement:  DISH just learned of Qurio's intent to add EchoStar or Sling on May 19, 2015, hours before the date for submission of this statement. Qurio has not advised us of the manner for this or how this would impact any of the pending motions including the motion to transfer. The parties anticipate that DISH Network Corporation will be dropped in view of the motion to dismiss.

The parties propose that the deadline for amending the pleadings is October 1, 2015.

**6.    Evidence Preservation**

The parties discussed the types of documents that each side would expect the other to preserve for purpose of the litigation during their meet-and-confer and agree that documents relevant to the claims and counterclaims asserted in the case will be preserved pursuant to Fed. R. Civ. P. 26(f).  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").

**7.      Disclosures**

Initial Disclosures as required by Fed. R. Civ. P. 26(a) will be exchanged on May 26, 2015, as agreed by the parties.

**8.      Discovery**

Neither party has taken any discovery to date.  Qurio believes discovery should not begin until after the Court issues its decision on its pending Transfer Motion.

The parties anticipate discovery regarding all issues in dispute.

The parties anticipate filing a Stipulated Order Regarding Discovery of Electronically Stored Information and Hard Copy Documents ("ESI Order").

The parties anticipate that a protective order will be required in this case to protect the parties' confidential, proprietary, or private information.  The parties agree to negotiate the terms of a stipulated protective order.  Prior to the entry of a protective order in this case, counsel for Qurio and DISH agree to treat all documents and materials produced in discovery and labeled as "confidential" or "highly confidential – attorneys' eyes only" on an outside counsel eyes only basis.

The parties further propose to limit or modify the Discovery Rules, as set forth below.

a)      Each party is limited to 25 interrogatories, unless additional interrogatories are authorized by the Court upon a showing of good cause.

b)      Each party is limited to [Qurio Proposal: 75 / DISH Proposal: 50]  requests for admission, excluding requests for admission directed solely to authentication of documents, unless additional requests for admission are authorized by the Court upon a showing of good cause. Qurio Statement:  Qurio is not seeking to add any party(ies) to this case at this time but reserves its right to seek to amend the discovery limits should any additional parties get added to this case.  DISH Statement: In light of Qurio's belated identification that it may add EchoStar or Sling as parties, DISH proposes that this limit be imposed on a per side basis.

c)      Each party is limited to [Qurio Proposal: 70 hours / DISH Proposal: 50 hours] of fact depositions, including [DISH Proposal: 21 hours of] Rule 30(b)(6) depositions, unless

additional depositions are authorized by the Court upon a showing of good cause.  For purposes of this provision, neither a third-party nor an expert deposition shall count against the fact deposition's time limit under this section (c). <u>Qurio Statement:</u>  Qurio is not seeking to add any party(ies) to this case at this time but reserves its right to seek to amend the discovery limits should any additional parties get added to this case.  <u>DISH Statement</u>: In light of Qurio's identification that it may add EchoStar or Sling as parties, DISH proposes that this limit be imposed on a per side basis.

**9.      Class Action**

This case is not a class action.

**10.     Related Cases**

The following actions are related to this case, both filed by Qurio:

1)      *Qurio v. DirecTV et al.*, case no. 15-01986-HSG (N.D. Cal.).  On April 29, 2015, the Court in *Qurio v. DirecTV* issued an Order transferring that case to this District.  In that case, Qurio asserts the same three patents asserted against DISH.

2)      *Qurio v. Comcast Corporation et al.*, initially filed in the Northern District of Illinois as case no. 14-cv-07488.  On February 9, 2015, the Court issued an order transferring the Comcast case to the Eastern District of Pennsylvania.  However, that case has not yet completed transfer to that district.

**11.     Relief**

Plaintiff Qurio is seeking equitable and monetary damages (including attorneys' fees, expenses and costs incurred in this matter) as set forth in its First Amended Complaint.  Qurio seeks all damages allowed by law, but in no event less than a reasonable royalty, increased damages, prejudgment interest, attorneys' fees, and costs.

Specifically, Qurio seeks:

a)      A judgment that DISH has directly infringed, actively induced others to infringe, and/or contributorily infringed the patents-in-suit.

b)      A permanent injunction against DISH, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with DISH against further alleged infringement of the patents-in-suit.

c)      Damages, suffered by reason of the alleged infringement by DISH, together with prejudgment interest.

d)      Treble damages pursuant to 35 U.S.C. § 284.

e)      A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285.

f)      An award of attorneys' fees and costs.

g)      Any other and further relief that this Court may deem just and proper.

DISH will seek the following relief:

a)      Dismissal of Qurio's claims with prejudice, with Qurio recovering no damages;

b)      A judgment that DISH has not infringed, literally and/or under the doctrine of equivalents, all asserted claims of the patents-in-suit;

c)      A judgment that all asserted claims of the patents-in-suit are invalid;

d)      A declaration that this case is exceptional under 35 U.S.C. § 285; and

e)      An award to DISH of damages, costs, attorneys' fees, and any further relief as the Court may deem just and proper.

**12.     Settlement and ADR**

The parties have discussed the available dispute resolution options provided by the Court and private entities and have filed certifications that each party is familiar with such ADR options.   The parties have also filed a request for a telephonic conference with a court ADR administrator to investigate a settlement conference for this case.  An initial ADR Scheduling tele-conference occurred on May 14, 2015.  The parties agree to engage in private mediation after September 30, 2015 and before March 31, 2016.

Further, a DISH representative and Qurio's counsel met shortly after Qurio filed this lawsuit. No settlement terms were exchanged.

**13.     Consent to Magistrate Judge for All Purposes**

The parties have declined to proceed before a Magistrate Judge.

**14.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration or a special master.  Qurio believes that this case and the related cases (identified above) may be suitable for reference to a Judicial Panel on Multidistrict Litigation.

**15.     Narrowing the Issues [DISH Proposal: and Reducing Asserted Claims]**

DISH Statement: Qurio filed this lawsuit on September 26, 2014 and currently has three patents with 75 claims. The America Invents Act provides an accused infringer with the ability to challenge the validity of a patent by filing an *Inter Partes* review. However, the right to file such an IPR expires one year after a defendant is served with the complaint, which is October 2, 2014. Because over seven months have already passed transferring this case to the appropriate forum here in Northern District of California, DISH proposes to narrow the case by limiting the asserted claims to 10 claims per asserted patent, to be identified by Qurio with its infringement contentions.  DISH has offered to provide Qurio with early and expedited discovery, including production of core technical documents 21 days before infringement contentions are due, to reach such a narrowing resolution, but to date, Qurio has not accepted the offer.  Instead, Qurio insists that even if it obtains the expedited discovery, it cannot agree to reduce the asserted claims to 10 claims per asserted patent within a date certain prior to the expiration for the timing for filing an *Inter Partes* review. To date, Qurio has not identified any of the 75 pending claims that it is willing to drop from this lawsuit.

Qurio Statement:  After Qurio filed this case on September 26, 2014 in the Northern District of Illinois ("NDIL"), DISH moved to transfer the case to this District.  The case was stayed in the NDIL for over 4 months until that Court issued its February 9, 2015 Order transferring the case to this District.  This Court promptly set the Case Management Conference for May 26, 2015, which was then changed to June 4, 2015.  No substantive discovery has taken

place during these 8 months that the motions to transfer and preliminary matters have been pending.

On April 22, 2015, Qurio counsel contacted DISH counsel to ask if DISH would agree to consolidate the Case Management Hearing date (then set for May 26) with the Motion to Transfer Hearing date (then set for June 4) to save the parties some time and effort (travel expenses, etc.).  Counsel for DISH responded that they would only agree to Qurio's proposal if Qurio agreed to permanently eliminate from this case 45 of the 75 claims of the patents-in-suit (by agreeing to assert only 10 claims per patent), without the ability to add more claims later. Qurio explained that it could not eliminate 45 of its claims without discovery from DISH.  Qurio explained that it may be possible for Qurio to potentially reduce the number of asserted claims if DISH immediately provide to Qurio thorough discovery about its accused products, as required, for example, in Local Patent Rule 2.1 of the NDIL.  DISH has not provided any such discovery to Qurio.

Notably, this entire issue about early narrowing of the issues became moot when the court, *sua sponte*, consolidated the Case Management Conference with the Motion hearing date, to occur on June 4.  *See* Doc. No. 72 (consolidating hearing and Case Management Conference). However, DISH has continued to request that Qurio eliminate 45 claims from the 75 potential claims.  And despite numerous requests from Qurio, DISH has not identified any legal authority for such a request.  DISH has failed even to explain why it chose the number 10.  Any such elimination of claims from this case at this time would be premature, extremely prejudicial to Qurio, and unsupported by law.

It has become very common for patent infringement defendants to file *Inter Partes* Review proceedings ("IPR's") in the Patent Office.  IPRs provide an administrative means for accused infringers to challenge the validity of patents.  IPRs must be filed, if at all, within one year of any pending litigation.  *See* 35 U.S.C. §§ 311-319.  Also, the validity of a patent in an IPR proceeding can be challenged only based on prior art consisting of patents or printed publications.  *See* 35 U.S.C. § 315.  DISH has had eight months, since Qurio filed this action, to

search for and analyze the publicly available prior art that it will rely on in this case as its invalidity defense, and that it will likely include in any IPR proceedings it may file.  Qurio, on the other hand, has received no discovery from DISH in that same time period.

The three asserted Qurio patents involve network processes and communications, among other aspects.  Much of the internal processes and communications of DISH accused products are proprietary, or simply are not publicized in any way, and cannot be fully known to Qurio without discovery.  The patents-in-suit include 75 separate claims.  Based on the analysis conducted by Qurio involving publicly available information, Qurio will assert infringement against DISH of 46 patent claims, and has ruled out assertion of 13 patent claims (of the 75 total claims).  Of the remaining 16 patent claims, Qurio may assert those claims, depending on discovery it receives from DISH.  Without discovery from DISH, however, it would be extremely prejudicial to Qurio to further limit its infringement assertions at this time.  Qurio has informed DISH of all of this.

DISH has repeatedly failed to identify to Qurio any authority for requesting that Qurio eliminate most of the 75 potentially asserted patent claims, before any discovery has even taken place.  Qurio has repeatedly told DISH that receiving  discovery from DISH in conformance, for example, with Northern District of Illinois Local Patent Rule 2.1(b) would allow Qurio to better assess the potentially asserted claims at this early stage of this case.  However, DISH has not provided any such discovery to Qurio.

**16.    Expedited Schedule**

DISH Statement: As provided in paragraph 15 above, DISH proposes an expedited discovery schedule to reduce the asserted claims.

Qurio statement: Qurio disagree that DISH has proposed any "schedule," other than simply demanding that Qurio eliminate 45 of its 75 patent claims without the possibility of adding other claims later, without identifying what specific information it would be willing to produce to Qurio, and without explaining the seemingly random number "10" claims per patent.

Otherwise, the parties agree that this case is not likely a case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

Pursuant to Fed. R. Civ. P. 26(f) and Patent L.R. 2-1(a) the parties met and conferred regarding the discovery schedule in this Action and the enumerated topics of Patent L.R. 2-1. The parties' proposed dates for the discovery schedule in this case are set forth in the table below.  Qurio reserves its right, if this case is consolidated with any aspect of the co-pending *Qurio v. DIRECTV* case, to request to change the case schedule dates, as needed.

| Event | Court-ordered or Patent L.R. date | Proposed Date |
|---|---|---|
| Deadline to serve Rule 26(a) initial disclosures. | May 19, 2015 | May 26, 2015 |
| Deadline to file and serve Joint Case Management Statement. | May 19, 2015 | May 19, 2015 |
| Initial Rule 16 Case Management Conference ("CMC"). | June 4, 2015 | June 4, 2015 |

| Event | Court-ordered or Patent L.R. date | Proposed Date |
|---|---|---|
| *DISH's Proposal: Qurio to identify no more than 10 claims per asserted patent* | | Qurio Objects that there is no basis for such a request, it is totally random,  and would be very premature and prejudicial to Qurio<br><br>DISH proposes: June 18, 2015 with the Disclosure of Asserted Claims under Patent L. R. 3-1 |
| Deadline to comply with Patent L.R. 3-1 "Disclosure of Asserted Claims and Infringement Contentions" and Patent L.R. 3-2 "Document Production Accompanying Disclosure." | June 18, 2015<br><br>14 days after the CMC, pursuant to Patent L.R. 3-1 and 3-2 | June 18, 2015 |
| Deadline to comply with Patent L.R. 3-3 "Invalidity Contentions" and Patent L.R. 3-4 "Document Production Accompanying Invalidity Contentions." | August 3, 2015<br><br>45 days after service of Asserted Claims and Infringement Contentions, pursuant to Patent L. R. 3-3 | August 3, 2015 |
| Deadline to amend the pleadings | | October 1, 2015 |

| Event | Court-ordered or Patent L.R. date | Proposed Date |
|---|---|---|
| Deadline for Exchange of Proposed Terms for Construction, pursuant to Patent L.R. 4-1(a) | August 17, 2015<br><br>14 days after service of DISH Invalidity Contentions | August 24, 2015<br><br>(21 days after service of DISH's Invalidity Contentions) |
| Deadline for "Exchange of Preliminary Claim Constructions and Extrinsic Evidence," pursuant to Patent L.R. 4-2(a) and (b) | September 8, 2015<br><br>21 days after Patent L.R. 4-1(a) exchange of proposed claim terms | September 21, 2015<br><br>(28 days after exchange of proposed claim terms) |
| Deadline to file "Joint Claim Construction and Prehearing Statement," pursuant to Patent L.R. 4-3. | October 5, 2015<br><br>60 days after service of Invalidity Contentions under Patent L.R. 3-3 | October 21, 2015<br><br>(30 days after Exchange of Preliminary Claim Constructions and Extrinsic Evidence) |
| Deadline for "Completion of Claim Construction Discovery," pursuant to Patent L.R. 4-4 | November 4, 2015<br><br>30 days after filing of Joint Claim Constructions and Prehearing Statement, pursuant to Patent L.R. 4-4 | November 20, 2015<br><br>(30 days after Joint CC Statement) |
| Deadline for Qurio to file Opening Claim Construction Brief and supporting evidence, pursuant to Patent L.R. 4-5(a) | November 19, 2015<br><br>45 days after filing of Joint Claim Constructions and Prehearing Statement , pursuant to Patent L.R. 4-5(a) | December 7, 2015<br><br>(45 days after Joint CC Statement) |

| Event | Court-ordered or Patent L.R. date | Proposed Date |
|---|---|---|
| Deadline for DISH to file responsive claim construction brief, pursuant to Patent L.R. 4-5(b). | December 3, 2015<br><br>14 days after service of Qurio's Opening CC Brief, pursuant to Patent L.R. 4-5(b) | December 21, 2015<br><br>(14 days after Qurio Opening CC Brief) |
| Deadline for Qurio to file reply claim construction brief, pursuant to Patent L.R. 4-5(c) | December 10, 2015<br><br>7 days after DISH CC Response Brief, pursuant to Patent L.R. 4-5(c) | Qurio proposes:<br><br>January 4, 2016<br><br>(14 days after service of DISH Response CC Brief)<br><br>DISH proposes:<br><br>December 28, 2015<br><br>(7 days after service of DISH Response CC Brief, pursuant to Patent L.R. 4-5(c)) |
| Claim Construction Hearing | Court's convenience | |
| Dish to serve Advice of Counsel documents, pursuant to Patent L.R. 3-7 | 50 days after CC Ruling, pursuant to Patent L.R. 3-7 | 50 days after CC Ruling, pursuant to Patent L.R. 3-7 |

| Event | Court-ordered or Patent L.R. date | Proposed Date |
|---|---|---|
| Fact Discovery cut-off | | The latter of:<br><br>June 1, 2016<br><br>or<br><br>60 days after the Court's Claim Construction Ruling |
| Initial Expert Reports and disclosures (for party bearing the burden of proof) | | 90 days after Claim Construction Ruling |
| Rebuttal Expert Reports | | 120 days after Claim Construction Ruling |
| Close of Expert Discovery | | 30 days after service of Rebuttal Expert Reports |
| Trial | Court's Convenience | |

**18.**     **Trial**

The parties request a trial by jury and expect that ten (10) days will be necessary for the trial.  The parties agree that the length of trial may be changed, depending on whether issues are resolved during the course of litigation, or parties are added, etc.

**19.**     **Disclosure of Non-party Interested Entities or Persons**

Qurio Statement of Non-party Interested Entities or Persons:

Qurio is wholly owned by FlashPoint Technology, Inc.

**20.      Miscellaneous Matters**

Each party will accept service via electronic mail in addition to the methods expressly provided by the Federal Rules of Civil Procedure and this Court's Local Rules.  Each party will serve via email on all other parties a text-editable version of all discovery requests, with service of all discovery requests to a party.  When a party may or must act within a specified time after service and service is made via electronic mail, three days will be added after the period would otherwise expire under Federal Rule 6(a), pursuant to Federal Rule 6(d).

Dated: May 19, 2015                          Respectfully submitted,


                                             /s/ *James P. Murphy*
                                             Richard F. Munzinger (Bar #217902)
                                             Joseph V. Mauch (Bar #253693)
                                             Shartsis Friese LLP
                                             One Maritime Plaza, 18th Floor
                                             San Francisco, California 94111
                                             (415) 421-6500

                                             Kirk Vander Leest *(pro hac vice)*
                                             James P. Murphy *(pro hac vice)*
                                             Rajendra A. Chiplunkar *(pro hac vice)*
                                             McANDREWS, HELD & MALLOY, LTD.
                                             500 West Madison Street, 34th Floor
                                             Chicago, Illinois 60661
                                             Telephone: (312) 775-8000
                                             Facsimile: (312) 775-8100


                                             Attorneys for Plaintiff,
                                             Qurio Holdings, Inc.



Dated: May 19, 2015                          Respectfully submitted,


                                             /s/ *G. Hopkins Guy III*
                                             BAKER BOTTS LLP
                                             G. HOPKINS GUY III (Bar #124811)
                                             ALALI DAGOGO-JACK (Bar #302437)

Case No. 15-cv-00930 HSG                          15
JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

One Page Mill Road
Building One, Suite 200
Palo Alto, California
Telephone:  (650) 739 7510

BAKER BOTTS LLP
ALI DHANANI (*Pro Hac Vice*)
MICHAEL SHERBY (*Pro Hac Vice*)
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1108

Attorneys for Defendant,
DISH Network Corporation and
DISH Network L.L.C.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this Order.

Date:_____                    _____
                                          UNITED STATES DISTRICT JUDGE
                                          Hon. Haywood S Gilliam Jr.